18285

PHILCO FINANCE CORPORATION, Respondent, v.
R. E. MEHLMAN, Appellant
(139 S. E. (2d) 475)

*Messrs. N. Heyward Clarkson, Jr.,* and *Walter S. Monteith,* of Columbia, *for Appellant,*

*Messrs. Cooper, Gary, Nexsen & Pruet* and *Harold W. Jacobs,* of Columbia, *for Respondent,*

December 14, 1964.

TAYLOR,· Chief Justice.

The Appellant, R. E. Mehlman, sold all of the capital stock in his radio and appliance business to Frank E. Brown in December, 1959, for $75,000.00. Mehlman, as a part of such sale, executed a note to the South Carolina Carolina National Bank for $25,000.00 which was endorsed by Brown, who received the proceeds and was to repay same. The entire sale of the business was on credit and Brown, in consideration of the above, executed his note to Mehlman for $75,000.00 and as securety for these obligations, executed a chattel mortgage to Mehlman in the amount of $100,000.00 covering the capital stock and some equipment, inventory, fixtures, trucks and other chattels.

After the above transaction, Brown commenced selling a large number of Philco appliances, financing such sales by selling or assigning his contracts to Philco Finance Corporation, Respondent herein. In August, 1960, Philco and Brown requested Mehlman to execute a document denominated "Subordination and Assignment Agreement." This instrument was apparently intended to improve Brown's credit

with Philco. In January, 1963, the affairs of Brown were placed in the hands of a receiver by Philco, and he was found to be insolvent. Brown's indebtedness to Philco arises out of advances by Philco to Brown on forged or fraudulent conditional sales contracts in the amount of $121,000.00, upon which the alleged purchasers' names were forged by Brown on contracts which Brown had fraudulently induced the purchasers to sign. Mehlman took possession of the property covered by the chattel mortgage and sold the same for the purpose of applying the proceeds to the unpaid debts secured thereby.

Philco brought this action against Mehlman asserting that its rights are prior to those of Mehlman and the sums realized by Mehlman through the sale of the property covered by the chattel mortgage by reason of the "Subordination and Assignment Agreement" are subordinate thereto.

The matter was referred to the Master in Equity for Richland County, who recommended the issuance of an Order declaring that Brown's obligation to Mehlman be subordinated to his obligation to Philco and that said subordination and assignment agreement effectively assigns all liens that Mehlman has on Brown's property to Philco as security for Brown's obligation to Philco. Exceptions were taken to the Master's Report, but the Honorable John Grimball adopted the findings of fact and conclusions of the Master and issued his Order implementing these recommendations. This appeal is from that Order.

Mehlman contends that the trial Court erred in placing a construction on the Subordination and Assignment Agreement which would subordinate his right under the mortgage with Brown to Philco's claim for indebtedness to it by Brown arising out of Brown's fraudulent conduct.

Pertinent parts of the Subordination and Assignment Agreement appear as follows:

"To induce Philco Finance Corporation (hereinafter called "Philco Finance") to grant credit and financing accommo-

dations to [Frank K. Brown doing business as] Brown-Dantzler Company (hereinafter called "Debtor"), Philco Finance, Debtor and R. E. Mehlman (hereinafter called "Creditor") mutually covenant and agree as follows:

"1. Until all indebtedness and all obligations of Debtor to Philco Finance, whether now existing or hereafter acquired or incurred and whether individual, joint or several, primary, secondary, direct, or contingent or otherwise, have been fully paid or discharged in accordance with the terms thereof, Creditor will not demand or receive from Debtor any part or all of the moneys now owing by Debtor to Creditor, or that may hereafter be due and payable to Creditor by Debtor, or any security therefor, and Debtor will not make payment or give security to Creditor, except in accordance with this Agreement. * * *

"2. Creditor hereby assigns, transfers and sets over to Philco Finance as collateral security for all such indebtedness and obligations of Debtor to Philco Finance all claims and demands of Creditor against Debtor, now owned or hereafter acquired and all interest accruing thereon at any time. * * *"

Mehlman contends that the above agreement is a suretyship contract and as such should be construed strictly in his favor as he is a gratuitous surety.

In 72 C. J. S. Principal and Surety § 1, p. 514, it is said that "Suretyship is a lending of credit to aid a principal who has insufficient credit of his own, and is a direct contract to pay the principal's debt or perform his obligation in case of his default." and in § 2, p. 515, a surety is defined as follows:

"In a broad sense a surety is one who becomes responsible for the debt, default, or miscarriage of another, but in a narrower sense, a surety is a person who binds himself for the payment of a sum of money, or for the performance of something else, for another who is already bound for such payment or performance."

The agreement here was entered into by Mehlman in order to improve Brown's credit with Philco; however, Mehl-

man did not contract to pay Brown's debts to Philco in case of default but rather agreed to subordinate his claims to those of Philco in order that Philco would continue to extend credit to Brown. Under these facts no personal obligation for Brown's indebtedness to Philco was entered into and the relationship of principal and surety did not arise.

For the foregoing reasons, we are of opinion that the Order appealed from should be affirmed; and it is so ordered.

Affirmed.

MOSS, LEWIS, BUSSEY and BRAILSFORD, JJ., concur.